Whaley, Judge,
delivered the opinion of the court:
This is one (Senate bill 1534) of a number of cases referred to this court under Senate congressional reference, Resolution No. 110, 67th Congress, 2d session.
Plaintiff was a tenant of the Bush Terminal Buildings Company and occupied under three leases 23,956 square feet in Building No. 5. All of these leases expired on May 1, 1920. On June 18,1918, the Navy Department, acting under authority of the act of March 4, 1917, ch. 180, 39 Stat. 1168, *424 1192,1193, and the act of June 15, 1917, ch. 29, 40 Stat. 182, served notice upon the Bush Terminal Buildings Company, a copy of which was also served upon the plaintiff, as tenant of the Bush Terminal Buildings Company, that the Government required the use of certain of its buildings, including that in which plaintiff was a tenant, and demanded possession to be delivered on or before December 1, 1918.
Immediately upon receipt of the notice, the plaintiff proceeded to secure another location for its manufacturing plant and succeeded in obtaining an option of purchase on certain premises which are referred to in the record in finding NY. The agreed price of purchase was $30,000 and the plaintiff made a down payment of $3,000 and the balance was payable on or before November 1, 1918. On September 13, 1918, the plaintiff was notified that the commandeer order served by the Navy Department for possession of these buildings had been canceled as of September 9, 1918.
Upon the receipt of the notice of revocation of the commandeer order, plaintiff procured a cancellation of the agreement which it had entered into for the purchase of other property and succeeded in having this agreement canceled by the payment of a further consideration of $4,500 on October 10, 1918.
The plaintiff is now suing to recover compensation by reason of a taking of its leasehold interest in the Bush Ter-' minal Buildings and contends that it is entitled to recover for the following items:
1. The amount expended by it for the option to purchase and the sum paid for the cancelation of the agreement of purchase.
2. For certain amounts paid by it for legal services performed in connection with the agreement and title to the property; an amount paid for the cancellation of the blower system in the new building to be constructed on the property it had agreed to purchase and for the amount expended for plans in connection with the proposed building on the new site.
3. Interest on all items of damage.
There were certain other sums sued for but they need not be considered for the reason that the evidence is not satis *425 factory enough to establish that they were paid consequent to issuance of the commandeer order.
In the case of William Wrigley, Jr., Co. v. The United States, 75 C. Cls. 569, we held that the Government was liable for the payment of just compensation for the taking of the unexpired term of the lease. In the Wrigley case upon the receipt of the order to vacate, property was purchased, preparations made to vacate but actual vacation of possession was not made until after the cancellation order. Recovery was had for the value of the unexpired term of the lease after vacation of the premises, the Government having expropriated the lease and the Wrigley Company having refused to take it back when the cancellation order was received.
In the instant case after the receipt of the commandeer order, the plaintiff proceeded to comply by entering into an agreement to purchase other property, made a down payment on the purchase price, had plans drawn for a building, entered into a contract for a blower system in the proposed new building and incurred legal expenses. All these efforts in anticipation of a forced removal were in compliance with the demands for possession contained in the-commandeer order. On September 13, 1918, the Government canceled the demand for possession of the premises.. The Government never entered into physical possession and' the plaintiff never lost physical possession of the premises.. From the issuance of the order to its cancellation there was-a taking of plaintiff’s lease, but the plaintiff retained possession and paid only the amount due under its original lease with the Bush Terminal Buildings Company. Upon the receipt of the cancellation order the plaintiff had an election to receive back what was taken or to vacate and recover just compensation for the taking of its lease. It took back what had been taken under the commandeer order, in fact, never relinquished physical occupation of the thing the possessory right to which had been requisitioned. It is true that the plaintiff was disturbed in the peaceful enjoyment of its possession under the lease but there is no proof of the value of this temporary impairment. If a value can be *426 placed on tbis invasion of the leasehold right, the plaintiff is entitled to be compensated for it and this court has jurisdiction to render a judgment for the taking. But there is no attempt made to prove the value of the thing taken. The plaintiff has proved expenditures made during the life of the commandeer order and certain amounts incurred in order to diminish the loss after the cancellation order. However, all of these amounts are in the nature of damages sustained by reason of the temporary taking and not the value of the thing taken. The Government had no contract with the plaintiff which it breached and for which damages can be accorded. There has been no violation of any statute. Recovery must be had for the taking of plaintiff’s property for which just compensation is provided by the Constitution and statutes and as we have above shown there is no proof of the value of the temporary disturbance of peaceful enjoyment of the possession of the lease. This court is without jurisdiction to award damages where there is no contractual breach.
The plaintiff has incurred the following expenses as a result of the issuance of the commandeer .order:
First payment on purchase price of other property_$3, 000. 00
Cancellation of purchase agreement_ 4, 500. 00
Examination of title_ 102. 00
Legal services- 200. 00
Cancellation of blower S5rstem agreement_ 51. 00
Plans for new building- 313. 50
$8,166. 50
These amounts were proved as expenditures actually incurred. But these amounts are not includible in just compensation for the taking. They form no- part of the thing taken and are a consequence of lawful governmental action for which the law affords no remedy. Wrigley case, supra. Other amounts were not satisfactorily proved as paid pursuant to a compliance with the order.
This cause of action is for the taking .of private property for public use and therefore comes within the general jurisdiction of this court. Barnes v. United States, 46 C. Cls. 7.
The petition is dismissed. It is so ordered.
Williams, Judge; LittletoN, Judge; GeeeN, Judge; and Booth, Chief Justice, concur.